(No. 33583.—

GRAVES MOTOR Co., Appellant, *vs.* THE COMMISSIONERS OF THE GREEN RIVER SPECIAL DRAINAGE DISTRICT *et al.*, Appellees.

*Opinion filed September 23, 1955.*

Robert H. White, of Geneseo, for appellant.

Brown & Brown, of Geneseo, and Eagle & Eagle, of Rock Island, for appellees.

Mr. Chief Justice Hershey delivered the opinion of the court:

This is an appeal from the circuit court of Henry County, wherein the plaintiff filed a complaint in equity to enjoin the commissioners of the Green River Special Drainage District (herein called defendants) from levying any drainage assessment against certain of its land.

As a basis for the complaint, the plaintiff alleged that when the Green River district was formed (in 1904) so as to include its farm, a portion of said farm was already within the boundaries of another drainage district which had been organized in 1889, the Union Special Drainage District. For this reason, it was urged that the Green River district had no jurisdiction or power to include any land already in the Union district, and the defendants, commissioners of the Green River district, should be enjoined from levying taxes against any of the plaintiff's land so included.

The defendants filed a motion to dismiss on the ground that a suit for an injunction would not lie to determine whether land was properly included in a drainage district, but that the plaintiff had an adequate remedy at law by *quo warranto* to determine that question.

The circuit court sustained the motion to dismiss, and after a decree was entered for the defendants, the plaintiff perfected an appeal to this court.

The determinative issue in the case involves a procedural question; namely, whether the plaintiff, under the allegations of its complaint, is entitled to maintain a suit in equity to enjoin the defendants from levying a drainage assessment against certain of its land because said land is not properly a part of the district.

This court has consistently held that a suit for an injunction will not lie to determine whether land was properly included in a drainage district, but that the available remedy of *quo warranto* must be employed. *Lackey* v. *Pulaski Drainage District,* 4 Ill. 2d. 72; *Keigwin* v. *Drainage Commissioners,* 115 Ill. 347; *Evans* v. *Lewis,* 121 Ill. 478; *Bodman* v. *Lake Fork Special Drainage District,* 132 Ill. 439. *Cf. People ex rel. McCarthy* v. *Firek,* 5 Ill. 2d 317, 324; *Manchester Community High School District* v. *Murrayville Community High School District,* 309 Ill. 403, 405.

We stated in the *Lackey case* as follows: "Plaintiffs have not cited any cases in which equity has assumed jurisdiction in an action to enjoin the collection of a drainage assessment because of the alleged invalidity of the annexation proceedings. On the contrary, this court has held that *quo warranto* is the proper method of questioning the validity of annexation of lands to a drainage district." (*Lackey* v. *Pulaski Drainage District,* 4 Ill. 2d 72, 77.) This rule was reaffirmed in the *Firek case,* where it was stated: "For it is still the doctrine of this court that attacks upon the proceedings by which a municipal corporation was formed, or by which territory was annexed to, or detached from it, cannot ordinarily be made in actions to collect taxes, or in suits in equity to enjoin such collection, but that such objections can only be raised by bringing an action of *quo warranto*." (*People ex rel. McCarthy* v. *Firek,* 5 Ill. 2d 317, 324.) In fact, in the cases relied upon by the plaintiff to sustain its substantive position (that the Green River district exceeded its jurisdiction by including land already within the Union district,) the issue was

raised by *quo warranto*. See *People ex rel. Smerdon* v. *Crews*, 245 Ill. 318; *People ex rel. Bancroft* v. *Lease*, 248 Ill. 187; *Bishop* v. *People*, 200 Ill. 33.

Counsel for the plaintiff, however, apparently recognizing the force of the cases cited above, argues that an exception should be made here because (1) the objection raised goes to the jurisdiction or power of the court organizing the Green River district and (2) the remedy at law, *quo warranto*, is not adequate since a court may in its discretion refuse permission to institute a *quo warranto* action.

As regards the first point, it is true that in some decisions there have been intimations that if the defect complained of is jurisdictional (in the sense of power to act) resort may be had to equity. On the other hand, the undeviating line of drainage cases hold that *quo warranto* is the proper remedy to test the proceedings by which a district was formed or territory annexed thereto. Actually, as applied to the instant situation, either remedy (injunction or *quo warranto*) is a collateral proceeding in the sense one can complain only of jurisdictional defects, properly so-called. (*People ex rel. Cash* v. *Wells*, 291 Ill. 584, 586; *People ex rel. Gauen* v. *Niebruegge*, 244 Ill. 82, 85; *People ex rel. Heise* v. *Munroe*, 227 Ill. 604, 609; *People* v. *Waite*, 213 Ill. 421, 423.) Moreover, there is statutory authority for the imposition of the assessment objected to and no contention is made the property is exempt from the tax; therefore, independent grounds for equitable jurisdiction are not present. *Cf. Owens-Illinois Glass Company* v. *McKibbin*, 385 Ill. 245; *Lackey* v. *Pulaski Drainage District*, 4 Ill. 2d 72.

As to the second point, it would, of course, be manifestly unjust to dismiss plaintiff's complaint in equity on the ground that an adequate remedy exists at law by *quo warranto* to test the merits of the objection, and then refuse permission to file a *quo warranto* action for that purpose. Hence, for a court to deny the plaintiff the opportunity to

file a *quo warranto* suit in order to object to the validity of the organization of the Green River district for the reason alleged, would amount to an ·abuse of the discretion lodged with that court. *Cf. People ex rel. Raster* v. *Healy,* 230 Ill. 280, 288-9; *People ex rel. McCarthy* v. *Firek,* 5 Ill. 2d 317, 320-1.

The decree of the circuit court of Henry County is affirmed.

*Decree affirmed.*