**Ben Schwartz et al., Appellants, v. Congregation Powolei Zeduck et al., Appellees.**

Gen. No. 46,709.

First District, Third Division.

February 1, 1956.

Released for publication February 24, 1956.

Ben Copple, and Meyer Silverstein, both of Chicago, for appellants.

No brief filed by appellee.

JUDGE KILEY delivered the opinion of the court.

This is a suit to enjoin defendants from violating the zoning ordinance by using property at 4857 N. Hamlin Avenue, Chicago, Illinois as a school and synagogue. Defendants' motion to strike the complaint was sustained and plaintiffs appealed from the order dismissing the suit. Defendants have not filed a brief in this court.

The property in question is located on the southeast corner of Ainslie Street and Hamlin Avenue in a district zoned for duplex residences. The rest of the property on the east side of Hamlin Avenue is occupied by single or duplex residences. However, immediately across the alley to the east of 4857 Hamlin Avenue is an apartment building.

The Municipal Code of Chicago, Chapter 194A, Section 6, provides that uses permitted in a family residence district will be permitted in a duplex residence district. In stating what uses are permitted in a family residence district, Section 5 provides: "(2) On a lot . . . (b) adjoining an Apartment House . . . the following uses are also permitted: Church; . . .

Grade, high school or Sabbath school. . . ." Section 3 of the same Chapter further provides that "District boundaries are street lines, alleys, railroad rights of way or. . . ."

The question is whether the property on which the school and synagogue are being operated is "adjoining" an apartment building and therefore is a permissive use under Section 5 of the Municipal Code of Chicago.

The word "adjoining" is the key word and its meaning is vital to this decision. Our Supreme Court in Bowes v. City of Chicago, 3 Ill.2d 175, at page 200 referring to the word "adjacent" quoted from People ex rel. Sackmann v. Keechler, 194 Ill. 235: "It has no arbitrary meaning or definition. Its meaning must be determined by the object sought to be accomplished by the statute in which it is used." The court pointed out various meanings attributed to the word "adjacent" by Webster; " 'lying near, close, or contiguous; neighboring; . . .' Synonyms for 'adjacent' . . . are 'nigh, juxtaposed, meeting, and touching.' " In the Sackmann case the court equated "adjacent" and "adjoining."

In our present construction of the term "adjoining" we shall be governed by the evident intent of the City Council. When the City Council passed the ordinance here in question it did not, in our judgment, intend a narrow meaning by its use of the term "adjoining." It did not intend that the lot need actually touch the apartment house use. That it was "near," "next to" or "close to" the apartment house is sufficient.

But plaintiffs argue that the alley between the two lots, according to Section 3, is a "district boundary" and prevents this construction of the term "adjoining." We would not hesitate, however, to say that one zoning district adjoins another even though separated by an alley. The development of one zoning

440

district may be in part regulated by the character of the adjacent district. In fact, it is not unreasonable to base zoning regulations for one municipality upon the conditions or character of an adjoining municipality, La Salle Nat. Bank v. City of Chicago, 4 Ill.2d 253, 257 and cases cited therein. The New Jersey Supreme Court has said: "To do less [to fail to consider developments in a neighboring municipality] would be to make a fetish out of invisible municipality boundary lines and a mockery of the principles of zoning." Borough of Cresskill v. Borough of Dumont, 15 N. J. 238, 104 A.2d 441, 446. A subdivision has been held to be "adjoining" a city even though a ten-foot strip of land passed between, Lefler v. City of Dallas (Tex. Civ. App.), 177 S.W.2d 231; and houses were said to be "adjoining" for purposes of a mechanic's lien statute even when a right of way intervened. Fitzpatrick v. Allen, 80 Pa. 292, 295.

We believe that the City Council did consider the neighboring districts in forming Section 5 and that it did intend the terms "adjoining an apartment house" to apply, even though a district boundary passed between the two lots. We further believe that if the Council did not intend this application that it would have clearly so stated.

Therefore, since the presence of the alley between the two lots does not prevent them from being "adjoining," the defendants are entitled to the permissive use granted by Section 5 of the Municipal Code of Chicago. Defendants are lawfully using the property at 4857 Hamlin Avenue and therefore plaintiffs have failed to state a cause of action. The trial court was correct in so ruling.

Judgment affirmed.

FEINBERG, J., concurs.

LEWE, P. J., took no part.