George Lincoln, et al., Appellants, v. Village of Robbins, Appellee.

**Gen. No. 47,202.**

First District, Third Division.
November 6, 1957.
Released for publication December 18, 1957.

 

Braden, Hall, Barnes & Moss, of Chicago (George S. Barnes, of counsel) for plaintiff-appellants.

Feigen & Feigen, of Chicago (Arthur P. Feigen, of counsel) for defendant-appellee.

PRESIDING JUSTICE BURKE delivered the opinion of the court.

The plaintiffs who own and reside on certain real estate in Bremen Township filed an amended complaint against the Village of Robbins and asked that a judgment be entered declaring that the annexation of the territory was ineffective and that the territory is not a part of the village. Defendant's motion to dismiss was sustained and plaintiffs appealed.

On September 19, 1947, the County Court entered an order finding that the annexation petition conformed to the law and directed that a certified copy of the order be transmitted to the clerk of the village. The land owned by the plaintiffs is within the territory sought to be annexed to the village. There were six trustees of the village. The statute requires a two-thirds vote of the trustees in favor of annexation. Plaintiffs allege that at a special meeting of the board of trustees, held after the entry of the order for the purpose of voting on the adoption or rejection of the annexation, three voted for the annexation, two against and one was absent. Plaintiffs state that no subsequent referendum was called and that the rejection of the annexation became final. Plaintiffs allege that defendant has, since 1953, sought to levy taxes on the property and "to enforce licenses and fines upon its citizens."

We agree with the contention of the village that the remedy, if any, is by way of *quo warranto* proceedings. In People v. Village of Wilmette, 375 Ill. 420, a complaint to oust the village from exercising authority over certain territory adjacent to that municipality, the court held that *quo warranto* was the proper action. In Ziebell v. Village of Posen, 257 Ill. App. 32, the court held that *quo warranto* is the way to test the validity of annexation proceedings where the municipal authorities had been exercising their functions. In Cipowski v. City of Calumet City, 322 Ill. 575, the court said (578): "It has long ago been determined that *quo warranto* is the proper remedy to test the validity of annexation proceedings." In Manchester Community High School District v. Murrayville Community High School District, 309 Ill. 403, the court said (405):

"The fundamental question involved in the case is as to the power of these districts over the land in question. It has long been settled in this State that such a question can be reached only by *quo warranto.*" In Emery v. Hennessy, 331 Ill. 296, the court said (303):

"The *de facto* municipal corporation could only be deprived of its authority to exercise the powers conferred by statute upon like *de jure* municipal corporations by a judgment of ouster in a proceeding in *quo warranto* brought by the State through its Attorney General or State's Attorney. . . . Until the existence of such *de facto* municipal corporation has been terminated by judgment of ouster, it may exercise upon the citizens, through its officers, the powers conferred upon it by the statute as fully and completely as if it were created by a law valid in every particular."

■■ The order approving the annexation petition embracing the real estate involved was entered in 1947. The amended complaint was not filed until 1956. Plain-

tiffs allege that since 1953 the defendant has sought to levy taxes on these properties and to "enforce licenses and fines upon its citizens." From plaintiffs' pleading it appears that the village authorities have been endeavoring to exercise governmental authority in the area in dispute. There are other allegations inconsistent with this allegation. On the hearing of the motion to dismiss, however, the allegations of the amended complaint must be taken most strongly against the plaintiffs. In our opinion an action for a declaratory judgment in the instant case is not appropriate. Under the circumstances presented by the amended complaint the plaintiffs' remedy, if any, is by *quo warranto*. The *quo warranto* Act contains safeguards against the indiscriminate bringing of proceedings thereunder. To permit relief in the case at bar under the declaratory judgment procedure would be to circumvent the provisions of the *quo warranto* Act.

Defendant also urges that a decree in the Circuit Court is *res judicata* as to the relief sought by the plaintiffs and bars their action. The record presenting the proceedings in that case is so meager that we have not considered that point. For the reasons stated the judgment of the Circuit Court of Cook county is affirmed.

Judgment affirmed.

FRIEND and BRYANT, JJ., concur.