23 Ill. App.2d 440 (1959)
163 N.E.2d 215
In the Matter of a Petition for Annexation of Lots 1 to to 37, etc., to Flossmoor, Cook County, Illinois, et al., Petitioners-Appellees,
v.
The Mutual National Bank of Chicago, a National Banking Association, as Trustee Under the Trust Agreement dated April 13, 1955, and known as Trust No. 2686, Objector-Appellant.
Gen. No. 47,774.
Illinois Appellate Court  First District, Second Division.
December 31, 1959.
Released for publication January 19, 1960.
*441 Louis F. Cainkar, of Chicago (Paul E. Price, of counsel) for appellant.
John W. Foster and Robert M. White, of Chicago, for appellees.
JUSTICE KILEY delivered the opinion of the court.
This is a proceeding to annex "contiguous" territory to the village of Flossmoor. The court approved *442 the petition for annexation and ordered the question submitted to the Village Board for final action. Ch. 24, sec. 7-6, Ill. Rev. Stat. (1957). The Bank as objector has appealed.
The petition was filed February 13, 1959. On February 25, 1959, the court set a hearing for March 11 and ordered petitioners to give notice of the filing of the petition. On March 5 the Bank appeared and its objections to the petition were filed. The objections were substantially that the County Court had no jurisdiction because the statutory 15 day notice was not given, and that the territory in the instant proceeding was not contiguous. Additional relevant objections were that the description of the territory was inadequate, and that the proposed annexation is "strip or corridor" annexation "frowned on" by the Illinois courts and legislature.
On March 11, the court entered the order finding petitioners had given "due notice" of filing of the petition and hearing date; that petitioners were a majority of the owners and electors of the territory, and were owners of more than 50% of the property; that the territory was not included in any city, village or incorporated town, and was contiguous to Flossmoor; and that the petition was legally sufficient. The order directed the question of annexation to be submitted to the Village Board of Flossmoor for "final action." Ch. 24, sec. 7-4, Ill. Rev. Stat. (1957). This is the order appealed from.
The Bank relies upon Reizer v. Mertz, 223 Ill. 555, to support its contention that the notice of the court hearing on the petition was insufficient. There an executor published notice of the filing of a final account without an order of court directing the manner of notice as required by statute. The Supreme Court decided *443 the notice was ineffective to give the Probate Court jurisdiction because the Executor and not the court directed the publication. The Annexation Statute, however, provides that "the petitioners ... shall give notice...." Also in that case, Mollie Reizer was a nonresident and had no notice of the hearing until more than two years later. Here, however, the Bank was present and participated in the hearing. These considerations distinguish the Reizer case.
[1] We see no reason to upset the approval of the opinion on the ground that when notice was given of the March 11 hearing, no court order had set that date. The order setting that date was entered February 25, and the notices were published February 17 and 24. The publications did not bind the court and if it decided March 11 was not a proper date for the hearing it could have set a different date and petitioners would then have been required to republish the notice. However, the Bank has not shown it suffered any harm by the premature publication.
[2] The notices were published in the Homewood-Flossmoor Star, published in Chicago Heights, and in the Chicago Law Bulletin. The statute provides for notice "in one or more newspapers published in the annexing municipality, or if no newspaper is published therein, then in one or more newspapers with a general circulation within the annexing municipality and territory." The Bank claims there was a lack of evidence that there was no newspaper published in Flossmoor. We think it can be fairly said that a colloquy before the court showed no newspaper was published in Flossmoor.
The Bank's final complaint about the notice is that the order of the court must be entered more than 15 days prior to the hearing, since the statute requires "not less than 15 days" publication before the hearing. *444 We need not decide whether in the provision for notice, "nor less than 15 days before the date fixed for hearing," the word fixed implies a court order already entered. Petitioners took the risk that the date given in the notice might be changed and no harm was suffered by the Bank.
The substantial objection is that the territory sought to be annexed is not "contiguous" to Flossmoor and is not therefore covered by the Annexation Statute. The Bank argues that because the west half of Kedzie Avenue is not in the territory, there is a "corridor" preventing the territory from contiguity. It relies upon Wild v. People ex rel. Stephens, 227 Ill. 556, and People ex rel. Benjamin S. Adamowski v. Village of Streamwood, 15 Ill.2d 595, both quo warranto proceedings involving questions whether territory sought to be annexed was "contiguous" under par. 182 of the Cities and Villages Act, Ch. 24, Hurd's Rev. Stat. (1905), and amended sec. 7-8 of the Revised Cities and Villages Act, Ch. 24, Ill. Rev. Stat. (1957), respectively.
[3] In the Wild case the court did say, "The two strips last mentioned are not contiguous" because "no vehicle, and in fact, no person could pass from one strip to another without passing over or upon lands not within the village." Wild v. People ex rel. Stephens, 227 Ill. at 560. But that language referred to two "long narrow strips" whose purpose practically was to separate inhabitants and territory and is not applicable to the west half of Kedzie Avenue, even though that area is between the territory and Flossmoor. The decision in the Village of Streamwood case was based also on the view that the "purported annexation" of "a maze of roadways" was unreasonable. The fundamental notion of the territory of a city, village or town, however, is "one of unity and of continuity, *445 not separated or segregated areas." Hillman v. City of Pocatello, 74 Idaho 69, 256 P.2d 1072 (1953). The situations in the Wild and Streamwood cases ran counter to this notion. The instant annexation would further the notion.
In the Wild case the court thought that the statute should be construed liberally but that the word "contiguous" must not be "entirely disregarded." And in the Streamwood case the court said that "contiguous" as used in sec. 7-8 "must mean ... in the sense of adjacent to and parallel to the existing municipal limits...." This court, in a zoning case, decided on authority of Webster that "adjacent" meant "lying near, close or contiguous"; that "adjacent" and "adjoining" were equivalents; and that one structure was "adjacent to" another, though separated by an alley. Schwartz v. Congregation Powolei Zeduck, 8 Ill. App.2d 438.
[4-6] We think that the word "contiguous" should receive a uniform liberal construction throughout the Annexation Statute, having in mind the purpose of annexation, and consequently, we are of the opinion that the territory sought to be annexed is contiguous within the meaning of the act. The east side of the territory is "adjacent to and parallel to" Flossmoor, and Kedzie Avenue is the common boundary between Flossmoor and the territory. "Contiguity exists where boundary lines are coterminous." Rafferty v. City of Covina, 133 Cal. App.2d 745, 285 P.2d 94, 99 (1955); State ex rel. Pan American Production Co. v. Texas City, 157 Tex. 450, 303 S.W.2d 780, 784 (1957).
We think there is no merit to the point that the petition makes no reference to streets and alleys within the territory. The petitioners can seek annexation only of the territory owned by them. Flossmoor has power *446 under the Annexation Statute to annex streets or highways. Ch. 24, sec. 7-8, Ill. Rev. Stat. (1957).
The judgment is affirmed.
Affirmed.
MURPHY, P.J. and BURMAN, J., concur.