**In the Matter of the Annexation of Certain Territory to the Village of Oak Brook, DuPage County, Illinois.**

**Gen. No. 67–74.**

Second District.

March 14, 1968.

Ross, Hardies, O'Keefe, Babcock, McDugald & Parsons, Jack M. Siegel, and Arthur C. Thorpe, of Chicago, and Louis R. Main, of Hinsdale, for appellant.

Rathje, Woodward and Dyer, of Wheaton, for appellee.

MR. JUSTICE MORAN delivered the opinion of the court.

This proceeding involves the validity of annexation of certain territory to the Village of Oak Brook in DuPage County. Three identical petitions were circulated for sig-

nature, each contained the affidavit required by section 7–1–4 of the annexation statute (Ill Rev Stats 1965, c 24, § 7–1–4) and when filed the three petitions were attached as one. The petition was left in the office of the clerk of the Circuit Court on October 28, 1966, and a file stamp was placed upon it at that time. However, the filing fee was not paid until November 18, 1966. On November 22, 1966, the Trial Judge set the petition for hearing on December 12, 1966, and subsequently objections were filed by the Village of Hinsdale and certain individual property owners.

After extensive hearings the trial judge denied all of the objections and found that the petition conformed to the statute. The objectors have brought this appeal raising four issues as follows: 1) That there was a prior pending petition to annex part of the territory to another municipality, and, therefore, the court had no jurisdiction to proceed; 2) The instant petition was defective in that it consisted of three separate petitions, none of which conformed with the statute; 3) The date set for hearing did not comply with statutory requirements because the instant petition was filed on October 28, 1966; 4) The notice of the hearing on the instant petition was not published in the correct newspaper.

The first objection is based upon the fact that on May 2, 1966, or more than six months before the commencement of these proceedings, a petition was filed seeking annexation of a portion of the subject territory to the Village of Hinsdale. Among the statements in that petition was the following: "That your petitioners are desirous of annexing said territory to the Village of Hinsdale provided that an agreement can be entered into by the parties under the provisions of Chapter 24, Section 11–15.1–1, providing for an F Planned Development category." No action was taken on the Hinsdale petition until January 9, 1967, when the Zoning Board and Village

Board of that Village denied the request for zoning. It will be seen that the petition for annexation to Hinsdale was conditioned upon the zoning and presumably upon the failure of the condition, the request for annexation was extinguished. Therefore, in connection with the first objection before us we conclude that the trial judge was correct.

■ As to the second objection, it appears that the petitioners in this case followed the common practice of circulating a number of original petitions amongst various different owners of the property in question. A separate affidavit was attached to each petition and then the petitions were put together to make one whole petition. Counsel for the objectors has not directed our attention to any statutory requirement that each petitioner sign the same petition, nor does there appear to be any statutory bar to the procedure followed in this case. The practice followed is common and it is difficult to see how any of the objectors have been prejudiced.

■ The objectors merely direct our attention to the general rule that annexation proceedings are statutory and that the statute must be strictly followed. There can be no quarrel with that proposition. On the other hand, however, counsel has the burden of pointing out to us wherein the statute was not followed in this regard. The Supreme Court had similar questions before it on past occasions and in each case has ruled that the common practice of circulating more than one similar petition is valid. In the case of People v. Summy, 377 Ill 255, 36 NE 2d 331 (1941), the court said at page 258:

> "The practice followed by the petitioners, of circulating identical petitions, binding them into one document, and filing them as a single petition with a total of the required number of signatures or more, has been approved by this Court and is no longer a subject for dispute."

30

In People v. Knapp, 28 Ill2d 239, 190 NE2d 774 (1963), the court said at page 242:

"There is no objection to the practice of circulating identical petitions, binding them into one document, and filing them as a single petition with a total of the required number of signatures or more."

██ The trial judge found that the petition complied with the statute and we have no reason to disagree with his findings. The statute provides that the affidavits attached to a petition for annexation are prima facie proof of the facts stated. All of the cases cited to us by the objectors involve proceedings in which the objectors submitted proof regarding the allegations of the affidavit. In this case the objectors submitted no proof, therefore the affidavit stands as the statute provides.

██ In connection with the third objection, section 7–1–2 of the annexation statute (Ill Rev Stats 1965, c 24, § 7–1–2) provides that the trial judge shall fix a date for the hearing upon the petition not less than 20 nor more than 30 days after its filing. The same section further provides "The petitioners or corporate authorities, as the case may be, shall pay to the clerk of the circuit court $10.00 as a filing and service fee, and no petition or ordinance, as the case may be, shall be filed until this fee is paid." The petition was filed on October 28, 1966, but the fee was not paid until November 18, 1966. The trial judge concluded that the petition was not filed from a legal standpoint until the day upon which the fee was paid and, therefore, set the date for hearing within the statutory time following the payment of the fee. The statute clearly provides that the petition cannot be actually filed until the fee is paid and we believe that the trial judge was correct in setting the hearing date with reference to the payment of the fee and not the date upon which the petition was left with the clerk of the court.

31

We cannot conceive that the objectors have been prejudiced in this regard. In fact, it appears that they had more time to prepare their objections than the law provided, had the fee been paid on the first day. They received notice and appeared at the hearing.

The cases cited to us by the objectors are not annexation cases and we note that the annexation statute itself provides that the payment of the fee initiates the proceedings. Our comments in a recent case perhaps best sums up this matter. We said In re Petition To Annex Certain Territory to Village of Mettawa, 33 Ill App2d 38, 178 NE2d 895 (1961) at page 47:

> "The objector has failed to point out wherein these alleged errors in procedure, if made, would in any way change the end result in the court's order that the petition was valid and complied in all respects to the provisions of Article VII of the Cities and Villages Act."

The last objection before us involves the requirement of section 7-1-2 of the annexation statute, supra, that notice of the hearing must be published in a newspaper published in the annexing municipality or, if there is none, then in a newspaper with a general circulation within the annexing municipality and the territory in question. The only evidence on this point came from the petitioners, who submitted a publisher's certificate stating under oath that the paper "Suburban Life," in which the notice was published, was a newspaper of general circulation within the Village of Oak Brook and a newspaper as defined by our statute. (Ill Rev Stats 1965, c 100, § 5.) We draw an inference from the briefs that the objectors presented some evidence to the trial court on this question, but that portion of the record has not been presented to us. This was not due to any fault on the part of the litigants herein. The record discloses that

the court reporter mislaid or lost her shorthand book which contained the notes taken by her at a hearing held on December 27, 1966. Nevertheless, by Supreme Court rule, it is allowable, where there is no verbatim transcript available, to file a proposed report of proceedings from the best available source, including recollection. (See Supreme Court Rule 323(c).) Because of the leniency and simplicity provided under the new rules, we have not abandoned the requirement that the appellant must give us all of the evidence pertinent to the issues raised by him. If he does not do so we are unable to properly consider an objection and must presume that the trial judge was correct in his ruling. As was said in the case of McGann v. Lurie, 15 Ill App2d 297, 146 NE2d 223 (1957) at page 300:

> "Where the record is incomplete, a reviewing court will indulge every reasonable presumption in favor of the judgment or order. Any doubt arising from the incompleteness of the record will be resolved against the appellant."

To properly understand this objection we have searched the record and the only thing we find in connection with the published notice is the unsworn statement of the attorney for the Village of Hinsdale and the unsworn statement of someone described as a "voice in the courtroom" who apparently spoke out at various times during discussions between court and counsel. Surely we cannot be asked to take this information as evidence. The "voice in the courtroom" was not sworn, identified or cross-examined. The traditional decorum of the courtroom may seem a severe burden to some and yet without some order to our procedure we would have chaos, as witness, the "voice in the courtroom."

█ We have carefully read the entire record in this proceeding. The trial court gave all of the parties every

■

opportunity and we believe all of his rulings were correct and should be affirmed.

Judgment affirmed.

ABRAHAMSON, P. J. and DAVIS, J., concur.