**Edgewood Park #2 Homeowners Association, an Illinois Not-For-Profit Corporation, and Eugene Marre and Jane Marre, His Wife, Plaintiffs-Appellants, v. Countryside Sanitary District, a Municipal Corporation, Defendant-Appellee.**

Gen. No. 51,361.

First District, Fourth Division.

May 29, 1968.

Will Gierach and William Dunn, of Oak Lawn, for appellants.

Irving Goodman, and Smietanka and Garrigan, of Chicago, for appellee.

MR. PRESIDING JUSTICE McCORMICK delivered the opinion of the court.

This appeal is taken from a judgment which denied plaintiffs' motion for summary judgment and sustained defendant's motion to dismiss the complaint. The action was originally brought requesting a declaratory judgment concerning the validity of two involuntary annexation ordinances passed by the defendant, and the rights of the parties accruing therefrom.

The amended complaint of plaintiffs was filed on January 21, 1965, and alleged that plaintiff, Edgewood Park

#2 Homeowners Association, is an Illinois not-for-profit corporation; that plaintiffs Marre are residents and owners of a certain lot in said subdivision, and that said plaintiffs are representatives of all residents and owners in the aforesaid subdivision.

The complaint further alleged that by order of the County Court of Cook County [Case No. 58 Co 3965], based upon the objections of the residents and owners, the said subdivision was excluded from the boundary lines of the Countryside Sanitary District, and that the defendant district, as subsequently organized, excluded said subdivision. The complaint further alleged that on December 2, 1963, defendant passed an ordinance purporting to annex a certain portion of Brainard Avenue, and that said annexed area is not contiguous to the defendant Sanitary District.

It is further alleged that on December 2, 1963, the defendant passed an ordinance purporting to annex the above-mentioned subdivision, and that said ordinance was passed without the consent of the residents and owners of the lots in the subdivision and without statutory authority. It is alleged that the subdivision has had sanitary sewer facilities since prior to the incorporation of the defendant; that the sole purpose of the purported annexation is to impose upon the plaintiffs and all others similarly situated a portion of the indebtedness and operating costs of Countryside, and that plaintiffs cannot derive any proportionate benefit from the purported annexation.

It is further alleged that the annexations by the defendant purport to have been made in compliance with chapter 42, sections 443 (a) (2) and 443 (a) (3) of Illinois Revised Statutes 1961; that the street annexation is not valid because said street was not contiguous to the boundaries of defendant within the meaning of the statute; that the subdivision purportedly annexed is bounded on the west by another Sanitary District and is not sub-

ject to an involuntary annexation; and that the purported annexation of the said subdivision is invalid.

The amended complaint asks the court to declare invalid the ordinance of Countryside, restrain defendant from asserting its jurisdiction over the real estate of these plaintiffs, and restrain the Collector of Countryside from collecting any monthly service charges from plaintiffs and all persons similarly situated; and require the defendant to refund all service charges collected from plaintiffs.

On May 11, 1965, the defendant filed its answer to the amended complaint in which it denied, among other things, that the plaintiffs Marre are representatives of all residents and owners of land in the subdivision, and that on the contrary, the answer alleged that the issues of fact are not common to all residents of the subdivision, as some residents are and have been paying their service charges without complaint or protest.

The answer further denied the allegations in the amended complaint that based upon the objections of the residents and owners, the subdivision in question was excluded from the boundary lines of the district, and stated that no testimony was heard or taken from any resident in said proceeding. The answer denied that the 50-foot strip on Brainard Avenue, which was fully annexed pursuant to statute, was not contiguous to Countryside. The answer denied that the street annexation is not valid, or that the street was not contiguous to the boundaries of Countryside Sanitary District, within the meaning of the statute.

On September 30, 1965, an agreed order was entered authorizing Countryside to collect the prevailing sanitary sewer service charges from the users in Edgewood Park Unit #2, and that moneys so collected be held in an escrow account until the further order of the court. On November 30, 1965, plaintiffs filed their motion for summary judgment.

On December 10, 1965, Countryside filed its answer to plaintiffs' motion for summary judgment, denying that plaintiffs were entitled to a summary judgment and asking that the amended complaint be dismissed. On February 14, 1966, the court heard argument of counsel, denied plaintiffs' motion for summary judgment, and dismissed the suit on the motion of Countryside. From that order the plaintiffs appeal.

From the record it appears that both annexation ordinances were passed on December 2, 1963, and the amended complaint filed on January 21, 1965; therefore, the annexation had been completed long before the decision by the trial court. We think the decision in the case of In re Petition to Village of Arlington Heights, 65 Ill App2d 152, 212 NE2d 507, is in point. In that opinion the court said:

"Since the filing of the petitions did not suspend the operation or the effectiveness of that order, and since the annexation by the Village of Arlington Heights had been completed long prior to a decision by the trial court, we are of the opinion that petitioners' only remedy is by quo warranto."

The court further said:

"The annexation had become complete before the court ruled on any of the petitions. . . . By the time the court ruled upon the petitions the village had control of the area and was exercising at least de facto jurisdiction over the same. Under these conditions, where the annexation has been completed, the proper remedy is quo warranto, . . . In People v. York, 247 Ill 591, the Supreme Court held that the legality of proceedings by which additional territory is added to a municipality cannot be inquired into except upon a direct proceeding by quo warranto,

and will not be determined upon a bill in equity or by objections to a tax which has been levied by the municipality upon the property in such added territory. . . . The question whether the area has been legally annexed can only be tried in a proceeding by quo warranto in the name of the people in which a judgment will be conclusive and binding upon all. People v. McKinnie, 277 Ill 342."

In People ex rel. McCarthy v. Firek, 5 Ill2d 317, 125 NE2d 637, the court said at page 324:

"For it is still the doctrine of this court that attacks upon the proceedings by which a municipal corporation was formed, or by which territory was annexed to, or detached from it, cannot ordinarily be made in actions to collect taxes, or in suits in equity to enjoin such collection, but that such objections can only be raised by bringing an action of quo warranto."

In Lincoln v. Village of Robbins, 15 Ill App2d 293, 146 NE2d 216, the court said, quoting from Cipowski v. City of Calumet City, 322 Ill 575, 578, 153 NE 613:

" 'It has long ago been determined that quo warranto is the proper remedy to test the validity of annexation proceedings.' "

In Lincoln the court further said:

"In our opinion an action for a declaratory judgment in the instant case is not appropriate. Under the circumstances presented by the amended complaint the plaintiffs' remedy, if any, is by quo warranto. The quo warranto Act contains safeguards against the indiscriminate bringing of proceedings thereunder. To permit relief in the case at bar under the

declaratory judgment procedure would be to circumvent the provisions of the quo warranto Act."

The judgment of the Circuit Court is affirmed.

Affirmed.

DRUCKER and ENGLISH, JJ., concur.