(No. 41545.—)

EDGEWOOD PARK # 2 HOMEOWNERS ASSOCIATION *et al.*, Appellants, *vs.* COUNTRYSIDE SANITARY DISTRICT, Appellee.

*Opinion filed March 27, 1969.*

WILL GIERACH and WILLIAM R. DUNN, both of Oak Lawn, for appellants.

IRVING GOODMAN and SMIETANKA & GARRIGAN, both of Chicago, for appellee.

Mr. JUSTICE KLUCZYNSKI delivered the opinion of the court:

The circuit court of Cook County entered an order on February 14, 1966, denying appellants' motion for a summary judgment and dismissing their amended complaint. The Appellate Court, First District, reviewed the matter and affirmed the order. (96 Ill. App. 2d 161.) We granted leave to appeal.

The amended complaint in question was filed on January 21, 1965, by Eugene and Jane Marre, owner-residents, and by the Edgewood Park # 2 Homeowners Association, as representatives of all the other residents and owners in Edgewood Park # 2, hereafter referred to as the "subdivision". In their amended complaint, appellants alleged that the subdivision had been excluded, in 1958, from the area encompassed by the Countryside Sanitary District, hereafter referred to as the District, by order of the county court of Cook County, and further alleged that the subdivision was bounded on three sides by the District, the fourth side being Brainard Avenue. The amended complaint also alleged that on December 2, 1963, the District passed two ordinances. By the first it attempted to annex the East 50 feet of Brainard Avenue for a distance of 1580.70 feet under the authority granted to a sanitary district to annex contiguous territory dedicated or used for highway purposes. (Ill. Rev. Stat. 1963, ch. 42, par. 443a.2.) The second ordinance then annexed the subdivision as unincorporated territory wholly bounded by a sanitary district. Ill. Rev. Stat. 1963, ch. 42, par. 443a.3.

The relief sought was threefold: first, a declaration that the ordinances passed by the District were invalid; second, a restraining order against the District from asserting jurisdiction over and collecting service charges from the owner-residents of the subdivision; and third, an order directing a refund of all service charges already collected.

The District answered affirmatively that its actions in annexing first the road and then the subdivision were in full conformance with the applicable statute and disputed the standing of plaintiffs as representatives of all owners and residents in the subdivision. The District alleged that some residents were paying service charges without complaint or protest and further alleged that it had purchased the mains and laterals, actually being used by the subdivision, from a private utility which had provided the service prior to the

annexation. For more than one year prior to the filing of the amended complaint, the District had provided these services to the community. The answer did not, however, question the nature of the action, a suit for a declaratory judgment, nor its application to annexation cases.

Plaintiffs next filed a motion for a summary judgment. The District answered and asked that the case be dismissed. The court denied summary judgment for the plaintiffs and dismissed the cause. From that order plaintiffs appealed.

In the appellate court both parties argued the construction and interpretation of the statute authorizing annexation. On oral argument the court raised the issue of whether the remedy sought by the appellants was proper for questioning annexation. The appellate court held that *quo warranto* was the appropriate remedy and that the suit for a declaratory judgment had been correctly dismissed.

Appellants have presented three arguments to this court: first, that an issue not raised in the trial court cannot be raised for the first time on review; second, that *quo warranto* does not exclude another remedy, namely, a declaratory judgment; third, that the annexation of the street, and thereby of the subdivision, is invalid because the street is not "contiguous" in the statutory meaning of that word.

In the present appeal, the initial prayer for relief in the amended complaint clearly lies within the perimeters of the declaratory judgment provisions of the Civil Practice Act. (Ill. Rev. Stat. 1967, ch. 110, par. 57.1.) Subsequent prayers for equitable relief do not depend upon statutory authority, but must rely upon principles of equity jurisdiction. The scope of the Civil Practice Act is limited. Section 1 reads, in part, as follows: "The provisions of this Act apply to all civil proceedings, both at law and in equity, except in * * * quo warranto, * * * or other proceedings in which the procedure is regulated by separate statutes." (Ill. Rev. Stat. 1967, ch. 110, par. 1.) Section 2 of the Quo Warranto Act (Ill. Rev. Stat. 1967, ch. 112, par. 10) reads

as follows: "The proceeding shall be brought in the name of the People of the State of Illinois by the Attorney General or State's Attorney of the proper county, either of his own accord or at the instance of any individual relator; or by any citizen having an interest in the question on his own relation, when he has requested the Attorney General and State's Attorney to bring the same, and the Attorney General and State's Attorney have refused or failed so to do, and when, after notice to the Attorney General and State's Attorney, and to the adverse party, of the intended application, leave has been granted by any court of competent jurisdiction, or any judge thereof."

The Quo Warranto Act was passed in 1937 and has been in force since that date without any change. The Act has been interpreted in a number of decisions affecting annexation questions. In *People ex rel. McCarthy* v. *Firek*, 5 Ill.2d 317, 324, we said that: "* * * attacks upon the proceedings by which a municipal corporation was formed, or by which territory was annexed to, or detached from it, cannot ordinarily be made in actions to collect taxes, or in suits in equity to enjoin such collection, but that such objections can only be raised by bringing an action of *quo warranto.*" In *Graves Motor Co.* v. *Commissioners of the Green River Special Drainage Dist.*, 6 Ill.2d 445, the factual posture of the case was similar to the present appeal. In the *Graves Motor Co.* case the court had dismissed a complaint for an injunction against the individual commissioners of a drainage district on the theory that there was no equitable jurisdiction because there was an adequate remedy at law, *i.e., quo warranto.* At issue in the case was the annexation of the plaintiff's farm to the drainage district. "This court has consistently held that a suit for an injunction will not lie to determine whether land was properly included in a drainage district, but that the available remedy of *quo warranto* must be employed." *Graves Motor Co.* v. *Com-*

*missioners of the Green River Special Drainage Dist.,* 6 Ill.2d 445, 447.

It is abundantly clear that the proper remedy for questioning an annexation which has been accomplished is *quo warranto.* Appellants' argument that suit for a declaratory judgment is a concurrent remedy is not persuasive.

The *Firek* case and the *Graves Motor Co.* case were decided in 1955. Since then section 1 of the Civil Practice Act has been amended twice; and yet the legislature has not seen fit to remove or limit the exception of *quo warranto* proceedings from the Civil Practice Act. Since there is an adequate remedy at law, no equitable jurisdiction exists.

The amended complaint cannot be construed as a complaint under the Quo Warranto Act. It is not brought in the name of the People of the State of Illinois, nor is it brought by the specified officials. The appellants have attached to their reply brief a demand upon the Attorney General and the State's Attorney of Cook County, but that demand is dated after the decision of the Appellate Court. In addition, the amended complaint alleges that the plaintiffs are acting as representatives of all the owners and residents in the subdivision and that there are issues of law and fact which are common to all such persons.

In the *Firek* case the court held that the interest of a taxpayer in his own tax payments may be a sufficient interest to maintain an action of *quo warranto.* The present case, however, does not contain any allegation of a specific personal interest on the part of the plaintiffs. We find the amended complaint insufficient under the Quo Warranto Act, but we express no opinion on the question of whether or not a proper complaint under that Act can be filed.

We find that the decision of the Appellate Court is correct and we therefore affirm.

*Judgment affirmed.*