THE PEOPLE *ex rel.* EUGENE MARRE *et al.*, Plaintiffs-Appellants, *v.* COUNTRYSIDE SANITARY DISTRICT, Defendant-Appellee.

(No. 54991; ▮▮▮▮▮▮▮▮▮▮

First District—May 5, 1972.

*Rehearing denied May 17, 1972.*

Will Gierach and William Dunn, both of Oak Lawn, for appellants.

Irving Goodman, and Smietanka & Garrigan, both of Chicago, for appellee.

Mr. JUSTICE ENGLISH delivered the opinion of the court:

This is a *quo warranto* proceeding in which the trial court found that certain annexation actions of defendant were valid and resulted in the inclusion of property of the relators (hereinafter "plaintiffs") within the jurisdiction of defendant. Plaintiffs, more than 60 in number, have appealed from that order.

A rough sketch of the area, which was admitted in evidence, will make it easier to understand the positions taken by the respective parties.

Defendant, Countryside Sanitary District, and the neighboring La Grange Highlands Sanitary District were each incorporated at about the same time in 1958. Brainard Avenue, a north-south roadway, was the common boundary between the two districts except that the east half of Brainard Avenue, for a width of 50 feet and a length of 1,580 feet, was not included within the boundary lines of either sanitary district. Abutting this excluded portion of Brainard Avenue on the east is a 30-acre tract of land or subdivision known as Edgewood Park Unit No. 2. Within this area are approximately 90 homes, including plaintiffs', built on fully improved lots which had been serviced by sanitary sewers prior to the organization of defendant sanitary district. Edgewood Park Unit No. 2 subdivision was originally included within the boundary line plans for defendant sanitary district, but it was excluded by order of the County Court of Cook County prior to the referendum which created said district. As a result, neither the east half of Brainard Avenue adjoining the Edgewood Park subdivision, nor the subdivision itself, was included in the defendant district.

On December 2, 1963, the Trustees of defendant sanitary district passed an ordinance which annexed the 50' x 1580' strip of Brainard Avenue in question, relying upon the Sanitary District Act of 1936, Ill. Rev. Stat. 1961, ch. 42, par. 443a.2, which reads:

> *"Territory dedicated or used for highway purposes—Annexation*
>
> Any sanitary district may annex any territory contiguous to it even though the annexed territory is dedicated or used for street or highway purposes if no part of the annexed territory is within any other sanitary district   *   *   *."

On the same day, the Trustees of defendant sanitary district passed a second ordinance which annexed the Edgewood Park subdivision, on the assumption that by virtue of the street strip annexation, the subdivision had become completely surrounded by the defendant district. For this second annexation, the ordinance relied on Ill. Rev. Stat. 1961, ch. 42, par. 443a.3, which reads:

> *"Unincorporated territory of 60 acres or less and wholly bounded by district—Annexation*
>
> Whenever any unincorporated territory, containing 60 acres or less, is wholly bounded by any sanitary district organized by this Act, that territory may be annexed by that sanitary district by the passage of an ordinance to that effect by the board of trustees of the sanitary district, describing the territory to be annexed   *   *   *."

Plaintiffs had no actual knowledge of these ordinances until the summer of 1964, when defendant attempted to collect from plaintiffs a sanitary sewer service charge.

On October 2, 1964, some of these plaintiffs filed a suit for declaratory judgment in the Circuit Court. On appeal from a holding that both annexations were valid, this court reversed the judgment and dismissed the proceeding on the ground that the sole remedy for testing the validity of an annexation proceeding was in *Quo Warranto*. (*Edgewood Pk. # 2 H. Ass'n v. Countryside S.D.*, 96 Ill.App.2d 161, 237 N.E.2d 838.) The Supreme Court affirmed on March 27, 1969, at 42 Ill.2d 241, 246 N.E.2d 294.

On September 10, 1969, plaintiffs filed their Petition for Leave to File a Complaint in *Quo Warranto* in the Circuit Court of Cook County, the Illinois Attorney General and the Cook County State's Attorney having refused to initiate the suit. The trial court entered an order finding that both annexations were lawful, but denied plaintiffs leave to file their Complaint. This appeal followed.

■■ An action in *Quo Warranto* must be brought in the name of the People by the Attorney General or the State's Attorney of the appropriate county when complaint is made that a corporation is attempting to

exercise powers not conferred on it by law. If the Attorney General and the State's Attorney both decline to act, an interested citizen may bring the suit, after first petitioning the court for leave to file such a complaint. (Ill. Rev. Stat. 1969, ch. 112, par. 10.) Plaintiffs here followed this procedure by filing a Petition for Leave to File Complaint in *Quo Warranto*. From there on, the trial court procedures became telescoped, as issues were joined as though the Petition for Leave to File were actually a Complaint. A full hearing was held on the entire subject matter of the suit, and in the end the court made a decision on the merits, finding both annexations valid but at the same time denying plaintiffs' Petition for Leave to File. Since plaintiffs' Petition alleges all the necessary prerequisites for leave to file a Complaint in *Quo Warranto* as interested citizens, it was an abuse of the court's discretion to deny the petition. (*People v. Village of Lyons*, 400 Ill. 82, 87-88, 79 N.E.2d 33, 37.) And, since plaintiffs' petition contains adequate allegations to constitute such a Complaint, we, too, will consider it as such, and proceed, as the trial court did, to consider the entire case on its merits for purposes of review in an effort to move toward conclusion of this protracted litigation.

Referring to the sketch, it is plaintiffs' contention that the narrow strip of roadway (half of Brainard Avenue) 50 feet wide and 1,580 feet long which touches the boundary of the U-shaped defendant sanitary district only perpendicularly at each end was not "contiguous" to said district within the meaning of paragraph 443a.2 of the statute quoted above. If plaintiffs' contention is correct, and the annexation of the roadway was invalid, then the immediately subsequent annexation of the subdivision would also have been invalid, as the purportedly annexed area would not have been wholly surrounded by defendant sanitary district as required by paragraph 443a.3, *supra*, for involuntary annexation.

It can thus be seen that the meaning of the word "contiguous" with respect to the roadway strip is the key to the decision in this case. To determine that, we believe we should first look to the entire statutory scheme for annexations as set forth in the five paragraphs, 443a through 443a.4, each of which uses the word "contiguous."

As may be seen from the sketch, there can be no doubt whatsoever that the Edgewood Park subdivision was contiguous to defendant sanitary district. Our reading of the statute would therefore prompt us to believe that the method contemplated by the legislature if the subdivision were to be annexed by defendant, would be that provided by paragraph 443a which reads in part:

"*Annexation of contiguous territory—Petition—Hearing—Election— Ballot—Integration of territory*

Additional contiguous territory within the limits of the county and

within or without the limits of any city, village or incorporated town except territory within the limits of any city, village or incorporated town that furnishes or provides sanitary sewer service may be added to any sanitary district organized under this Act in the manner following:"

Then follow, however, provisions requiring ultimately either a majority vote of the legal voters in the territory to be annexed, or a petition of a majority of the owners of lands representing a majority of the area constituting such territory. It is obvious that in the instant case, annexation of the subdivision by this procedure was not reasonably to be anticipated by defendant district, because about two-thirds of the property owners are plaintiffs in this case who state that they don't want their lands annexed to defendant. Having themselves previously paid for construction of their own sanitary sewer system which empties into a Chicago Metropolitan Sanitary District interceptor sewer, plaintiffs contend that it would cost them unnecessary additional money in taxes. (This was apparently the basis for the County Court order originally excluding the subdivision from the area to be organized into defendant district.)

In application of the word "contiguous" to the highway strip as shown on the sketch, it is also apparent that it is contiguous to both the subdivision and the La Grange Highlands Sanitary District, but that district must have had no use for the east half of the street, as it never made any move to annex it under paragraph 443a.2, *supra*, for the annexation of contiguous highways.

Nor has defendant even suggested that it has or would ever contemplate any use of the highway strip in its operations. It has, however, attempted to annex it under paragraph 443a.2 under its patently devious and admitted plan to do so in order to surround the subdivision and thus make it amenable to involuntary annexation under paragraph 443a.3. In so doing, it seeks to thwart the general legislative principle requiring the consent of the voters or owners in question.

■■ Annexation authority arises solely from the statute, and when not exercised strictly in accordance therewith, the purported annexation becomes a nullity. (*In re Annexation to Village of Oak Brook*, 91 Ill.App.2d 27, 30, 234 N.E.2d 555, 556; and *People v. Village of Streamwood*, 15 Ill.2d 595, 600, 155 N.E.2d 635, 637.) And this basic rule must be given close attention when examining so transparent a scheme as the one presented here. It must also be borne in mind that in this type of proceeding the defendant, and not the plaintiffs, must bear the burden of proof. *People v. Village of Caseyville*, 99 Ill.App.2d 60, 63, 241 N.E.2d 23, 24.

As stated above, the meaning of the term "contiguous" is the determina-

tive factor in deciding the validity of the highway annexation. The case of *Village of Streamwood, supra,* is of interest here because in that case also the village sought first to annex some highways (under a statute identical to paragraph 443a.2, except that it applied to villages instead of sanitary districts) and then some of the fully surrounded territories. In holding the purported highway annexations invalid, the court stated, at page 601, that the word "contiguous," as used in the statute, must be defined in keeping with the intent of the legislature, which was to allow a municipality to annex a roadway which separates the municipality from territory just the other side of the roadway which the municipality needs for municipal purposes and natural growth. Any "reasonable interpretation" of "contiguous," the court said, "must mean contiguous in the sense of adjacent to and parallel to the existing municipal limits  *  *  *." To hold otherwise, it said, would condone strip or corridor annexations which have always been condemned. See also *In re Petition of Flossmoor v. Mut. Nat. Bank,* 23 Ill.App.2d 440, 445, 163 N.E.2d 215, 218, in which the court recognized that contiguous meant "adjacent to and parallel to." *

In *People ex rel. Coojar Realty v. Burr Ridge,* 81 Ill.App.2d 203, 225 N.E.2d 39, the defendant village first annexed a portion of Route 66 for a distance of one-half mile beyond the village limits with only the 300-foot width of the highway abutting the village boundary. Then, using the highway as a base, the village proceeded to annex certain property, and thereafter to annex other property on the ground that it was then wholly within the village boundaries. The owner of the last mentioned property objected, maintaining, as in the instant case, that his property was not wholly surrounded since the initial highway annexation was invalid as a "strip" or "corridor" annexation. The village defended on the ground that a "corridor" annexation was not prohibited so long as it met the test of contiguity. The court, relying on the definition of "contiguous" in *Village of Streamwood, supra,* found that even the 300-foot width of the highway in that case (compare the 50-foot width in the instant case) was not contiguous to the village limits within the meaning of the statute which rules out the annexation of any roadway "which is not adjacent and parallel to a municipality's boundaries." See also *People ex rel. Nash v. City of Loves Park,* 59 Ill.App.2d 297, 207 N.E.2d 490, where the court condemned a similar highway annexation.

---

* The petitioners in that case were land owners who sought annexation of their properties which were adjacent to and parallel to the boundary line of Flossmoor, separated only by Kedzie Avenue. The court considered the tract contiguous despite the street separation, pointing out that the Village of Flossmoor had the power to close the gap, as it were, by annexation of the street.

We realize that the highway sought to be annexed in each of the above cases touched the boundary of the municipality at only one end, whereas both ends of the 50' x 1580' strip in the instant case touch defendant's boundary. In our opinion, this does not change the situation from that which the courts condemned. It is similarly an annexation of A as a device to get at B, rather than as a legitimate exercise of its authority as granted by the legislature. Also, the strip is perpendicular in its attachments rather than adjacent and parallel. The principle therefore remains the same. *Western Nat. Bank v. Vil. of Kildeer*, 19 Ill.2d 342, 352, 167 N.E.2d 169, 174-175, points out another aspect of the rule in question. There, the court held that contiguity means more than simply touching or adjoining, going on to say:

"The decision in *Wild* (*Wild v. People ex rel. Stephens*, 227 Ill. 556) suggests, however, that mere actual contact such as is found when lands 'corner' upon one another is not enough and that something more is required. We agree and hold that in order to be considered contiguous within the meaning of the statute, the tracts of land in the territory must touch or adjoin one another in a *reasonably substantial physical sense*." (Emphasis supplied.)

■■ We find that the roadway in the instant case is not "adjacent to and parallel to" the boundary of defendant sanitary district, nor is it touching or adjoining said district "in a reasonably substantial physical sense." Therefore, we conclude that the highway is not contiguous to defendant sanitary district.

Since the attempted annexation of the highway failed to meet the contiguity standards of the statute, the highway annexation ordinance passed by the Trustees of defendant sanitary district is unlawful and a nullity. It follows, then, that plaintiffs' subdivision was not wholly bounded by defendant sanitary district at the time of its purported annexation, and the involuntary annexation ordinance, not being in accordance with the statute, is also unlawful and a nullity. *People ex rel. Coojar Realty v. Burr Ridge, supra,* and *People ex rel. Village of Worth v. Ihde*, 23 Ill.2d 63, 117 N.E.2d 313.

Plaintiffs alleged, and defendant did not deny, that they had paid for adequate sanitary sewer facilities prior to incorporation of defendant sanitary district. Therefore, the result reached in this case will not be contrary to public interest, as plaintiffs will merely be restored to the same position they were in before the attempted annexations which prompted this lengthy litigation.

The order of the Circuit Court denying plaintiffs' Petition for Leave to File a Complaint in Quo Warranto is reversed and said Petition will be considered as such a Complaint.

754

The order of the Circuit Court finding that the annexations were valid is reversed, and this cause is remanded with directions to enter a judgment ousting defendant sanitary district from any exercise of governmental authority over the territory claimed to have been annexed by the invalid ordinances above described.

Reversed and remanded with directions.

LORENZ, P. J., and DRUCKER, J., concur.

