ALBERT MALECKI et al., Plaintiffs-Appellants, v. FIRST STATE BANK OF HARVARD, as Trustee under Certain Trust Agreement, et al., Defendants-Appellees.

(No. 72-239; ▮▮▮▮▮▮▮▮

Second District—September 20, 1973.

Glaeser, Burstein & Gates, of Dundee, for appellants.

Caldwell, Berner & Caldwell and Hugh A. Deneen, both of Woodstock, for appellees.

Mr. PRESIDING JUSTICE GUILD delivered the opinion of the court:

The Circuit Court of McHenry County entered an order dismissing a suit for declaratory judgment seeking adjudication of the invalidity of certain ordinances passed by the city of Harvard and for injunctive relief. The suit was brought by three tax paying residents and by the Harvard Community Citizens Coalition. The Coalition did not join in this appeal.

Defendant First State Bank of Harvard, as trustee under trust # 104, the owner of record of two tracts of land contiguous to the city of Harvard, sought annexation to the city under the provisions of sections 11—15.1—1 et seq., of the Illinois Municipal Code (Ill. Rev. Stat. 1971, ch. 24, par. 11—15.1—1 et seq.). After notice and hearing pursuant to section 11—15.1—3 the ordinances in question were adopted authorizing the execution of the proposed pre-annexation agreement and the rezoning therein proposed.

The complaint alleged that the ordinances were null and void because, among other things, the city failed to comply with section 7—1—1 of the Illinois Municipal Code (Ill. Rev. Stat. 1971, ch. 24, par. 7—1—1,) requiring notice to be given to the Fire Protection District and the Public Library District of which the land to be annexed is part; that because the pre-annexation agreement provided for the city to pay the cost of street lighting it was in violation of an existing city ordinance requiring the subdivider of any land to pay such cost; that the pre-annexation

agreement as approved differed from that which was proposed before the Harvard Planning Commission.

The defendant moved to dismiss the complaint on the ground that it sets forth no justiciable issue and does not reflect the existence of any actual controversy; that it alleges no facts that the city violated the provisions of section 11—15.1—3 of the Municipal Code; and that the plaintiffs are affected no differently by the defendants' actions than any other citizen or resident of the city. The trial judge entered the order of dismissal from which the three tax paying residents appeal.

Although not raised by the parties to this appeal, an action for declaratory judgment to test the validity of annexation proceedings is not an appropriate remedy. In *Cipowski v. City of Calumet City* (1926), 322 Ill. 575, 578, 153 N.E. 613, 614, the Supreme Court stated: "It has long ago been determined that *quo warranto* is the proper remedy to test the validity of annexation proceedings." The Illinois Supreme Court has consistently held that the proper remedy for questioning an annexation is by *quo warranto*, that injunctive relief is not available to determine the validity of annexation ordinances, and that a suit for a declaratory judgment is not a concurrent remedy. See also *People ex rel. McCarthy v. Firek* (1955), 5 Ill.2d 317, 125 N.E.2d 637.

In *Edgewood Park # 2 Home Owners Ass'n v. Countryside Sanitary Dist.* (1969), 42 Ill.2d 241, 243-245, 246 N.E.2d 294, 296-297, affirming 96 Ill.App.2d 161, 237 N.E.2d 838, the court considered a complaint filed by owner-residents and a Home Owners Association and found that the complaint was clearly within the declaratory judgment provisions of the Civil Practice Act, and stated:

> "The scope of the Civil Practice Act is limited. Section 1 reads, in part, as follows: 'The provisions of this Act apply to all civil proceedings, both at law and in equity, except in * * * quo warranto, * * * or other proceedings in which the procedure is regulated by separate statutes.' (Ill. Rev. Stat. 1967, ch. 110, par. 1.)

> * * *

> We find the amended complaint insufficient under the Quo Warranto Act, but we express no opinion on the question of whether or not a proper complaint under that Act can be filed."

For a sequel to this case, see *People ex rel. Marre v. Countryside Sanitary Dist.* (1972), 5 Ill.App.3d 747, 284 N.E.2d 308, cited by plaintiffs herein, in which the appellate court in reviewing the *quo warranto* proceedings brought by some of the same plaintiffs subsequent to the Illinois Supreme Court decision, invalidated the annexation ordinance there in question.

In view of our holding we do not regard it necessary to consider the other points raised by the parties.

We therefore hold that plaintiffs herein may not challenge the validity of annexation proceedings by a declaratory judgment action and the dismissal of the complaint by the trial court was proper for that reason.

The judgment of the trial court is affirmed.

Affirmed.

SEIDENFELD and DIXON, JJ., concur.