THE PEOPLE *ex rel.* FRED L. FOREMAN, State's Attorney of Lake County, Plaintiff-Appellant, v. THE VILLAGE OF NORTH BARRINGTON *et al.*, Defendants (Suburban National Bank of Palatine, as Trustee, *et al.*, Intervening Defendants-Appellees).—THE PEOPLE *ex rel.* FRED L. FOREMAN, State's Attorney of Lake County, Plaintiff-Appellee, v. THE VILLAGE OF NORTH BARRINGTON, Defendant-Appellant (Lloyd Rasmussen, Highway Commissioner of Cuba Township, Lake County, Defendant; Suburban National Bank of Palatine, as Trustee, *et al.*, Intervening Defendants).—DONALD L. KLASS *et al.*, Plaintiffs-Appellants, v. LLOYD RASMUSSEN, Highway Commissioner of Cuba Township, Lake County, Defendant-Appellee (Suburban National Bank of Palatine, as Trustee, *et al.*, Intervening Defendants-Appellees; The Village of North Barrington, *Amicus Curiae*).

Second District   Nos. 2—88—1055, 2—89—0003, 2—89—0050 cons.

Opinion filed December 7, 1989.—Rehearing denied January 12, 1990.

Fred L. Foreman, State's Attorney, of Waukegan (Mitchell L. Hoffman and Mimi E. Brin, Assistant State's Attorneys, of counsel), for the People *ex rel.* Fred L. Foreman.

George N. Gilkerson, of Rooks, Pitts & Poust, of Wheaton, and James C. Bakk, of Lonchar, Nordigian & Bakk, of Waukegan (Marc A. Primack, of counsel), for other appellants.

Donald T. Morrison & Associates, P.C., of Waukegan (Joseph T. Morri-

son, of counsel), for appellees Suburban National Bank of Palatine and Daniel Light.

Terrence J. Griffin, of Arnstein & Lehr, of Barrington, and Thomas W. Gooch & Associates, Ltd., of Wauconda (J. William Braithwaite and Thomas W. Gooch III, of counsel), for appellee Lloyd Rasmussen.

Terrence J. Griffin, of Arnstein & Lehr, of Barrington (J. William Braithwaite, of counsel), for Village of North Barrington.

PRESIDING JUSTICE UNVERZAGT delivered the opinion of the court:

This matter concerns a challenge to annexation of vacant property to the Village of North Barrington (Village) and an action against Cuba Township in Lake County wherein the vacant property is located, for failure to vacate a road on the boundary of that property.

In the first of these three consolidated appeals (2—88—1055) Lake County appeals the summary judgment entered on its complaint in *quo warranto* in favor of the Village of North Barrington and Suburban National Bank of Palatine as trustee under trust No. 5168 and Daniel Light (collectively referred to as developer). The trial court found valid the Village's July 13, 1987, annexation of the developer's property (Grassmere Farm) located at the southeast corner of Routes 22 and 59 in unincorporated Lake County, and the annexation by operation of law (Ill. Rev. Stat. 1987, ch. 24, par. 7—1—1) of a township road known as Scott Road, which is adjacent to the southern boundary line of Grassmere Farm. The court also found the validity of the annexation rendered moot the question concerning a petition to vacate Scott Road.

In the second appeal (No. 2—89—0003), the Village appeals the trial court's denial of its motion for summary judgment filed in the county's *quo warranto* proceeding. The Village's motion for summary judgment adopted the ground set forth in the developer's motion for summary judgment but included the additional ground that the Village's subsequent reannexation of Grassmere Farm on April 11, 1988, rendered moot all the issues relating to the validity of the first annexation of the property.

In the third appeal (No. 2—89—0050), the Scott Road homeowners appeal the dismissal of their petition for writ of *mandamus* seeking to command Lloyd Rasmussen, the Cuba Township highway commissioner in Lake County, to complete proceedings and grant their

petition to vacate Scott Road. The petition for writ of *mandamus* was dismissed as moot in light of the circuit court's finding that the Village's first annexation of Grassmere Farm was valid.

The *quo warranto* and *mandamus* actions (along with the homeowners' complaint for injunctive relief against the developer seeking to prevent the annexation of the subject property which is not involved in this appeal (88—CH—216)) were consolidated in the trial court upon the homeowners' motion asserting that all the causes involved the validity of certain of the Village's ordinances. The developer's motion in this court to consolidate the first and second appeals was granted, as was the homeowners' motion to consolidate their appeal with the first two.

These issues are presented: (1) whether this court has jurisdiction of the Village's appeal; (2) whether the county's and the homeowners' appeals are moot and should be dismissed due to the Village's unchallenged reannexation of the subject property; (3) whether the Village's first annexation of the subject property was invalid because the deed to the subject property was not recorded on the date the petition for annexation was filed with the Village; and (4) whether the homeowners' petition for writ of *mandamus* was improperly dismissed for mootness.

A chronology of the events preceding the instant appeals is essential. The following is a distillation of the pertinent facts:

June 5, 1986. Developer enters into a contract to purchase the subject property (Grassmere Farm) comprising 125 acres of land in unincorporated Lake County which is contiguous to the Village of North Barrington. Scott Road, a township road, is the southern boundary of the subject property. It separates the subject property on the north from three single-family houses on the south which are owned and occupied by the homeowners appealing dismissal of the petition for writ of *mandamus*.

December 1, 1986. The Village board and plan commission of North Barrington hold a public hearing to consider a proposed annexation agreement relative to Grassmere Farm. No action on the annexation agreement is taken at this meeting.

June 29, 1987. Homeowners and nine other persons, all legal voters residing in Cuba Township, Lake County, Illinois, file a petition for the vacation of Scott Road adjacent to the homeowners' lots with Lloyd Rasmussen, the Cuba Township Highway Commissioner. The petition is filed pursuant to section 6—301 of the Illinois Highway Code (Ill. Rev. Stat. 1987, ch. 121,

par. 6—301 *et seq.*), covering the laying out, widening, altering or vacating of township and district roads. The petitioners represent that they are the sole owners of all the lots in the Rolling Meadows subdivision adjacent to Scott Road, that the roadway is not needed for public use, that there is no public need, necessity, nor interest in the roadway, and that they are prepared to undertake to maintain the roadway and grant easements for ingress and egress to each parcel presently having an entrance on the roadway. Pursuant to statute (Ill. Rev. Stat. 1987, ch. 121, par. 6—305), the commissioner publishes a notice of public hearing on the petition to be held July 13, 1987, at 3 p.m.

July 1, 1987. Developer closes on the purchase of the Grassmere Farm, and title is conveyed by deed delivered to and accepted by Daniel Light as a beneficiary of Palatine National Bank land trust No. 5168. Light turns the deed over to his attorney for recording of same.

July 3, 1987. Developer files a petition for annexation of Grassmere Farm to the Village of North Barrington pursuant to section 7—1—8 of the Illinois Municipal Code (Ill. Rev. Stat. 1987, ch. 24, par. 7—1—8), which provides, *inter alia*, that any territory not within the corporate limits of any municipality but which is contiguous to a municipality at the time of annexation may be annexed upon the filing with the municipal clerk of a written petition signed by the "owners of record" of all land within such territory. *Inter alia,* the legal description of the property to be annexed includes the portion of Scott Road which is the subject of the homeowners' petition to vacate. (Section 7—1—1 of the Municipal Code provides that when territory contiguous to a municipality is annexed, the new boundary "shall extend to the far side of any adjacent highway *** even though [such highway is] not included in the legal descriptions set forth in the petition for annexation." (Ill. Rev. Stat. 1987, ch. 24, par. 7—1—1.)) The annexation petition is signed by Palatine National Bank as trustee under its trust No. 5168, which states therein that it "constitutes the sole owner of record of all land in the [subject] territory." The annexation petition is supported by an affidavit dated July 3, 1987, signed by developer Daniel Light in which he identifies himself as a beneficial owner of trust No. 5168, states he read the annexation petition subscribed to by the bank and that the facts stated therein are true.

Per an affidavit of the North Barrington Village clerk included in the record, notice is given to the Cuba Township board and Cuba Township highway commissioner that the proposed annexation is to be considered on July 13, 1987, by the North Barrington board.

July 6, 1987. North Barrington adopts ordinance No. 418 approving an annexation agreement for the Grassmere Farm property. According to the record, the annexation agreement permits North Barrington to require the developer to widen and pave Scott Road to its full 40-foot width (from its present 14-foot to 20-foot width) and have gravel shoulders for it. According to pleadings of the homeowners in the record, the present appearance of the homeowners' properties would thereby be altered insofar as driveways, mailboxes, trees, shrubbery and/or fences are concerned. It is further alleged in the homeowners' pleadings that up to seven houses with driveway access to Scott Road could be constructed on the north side of Scott Road under the terms of the annexation agreement.

July 10, 1987. The deed conveying the subject property to Palatine National Bank as trustee under trust No. 5168 is recorded with the Lake County recorder of deeds.

July 13, 1987. 8 a.m. North Barrington village board holds a special meeting at which ordinance No. 419 is adopted thereby annexing the Grassmere Farm property including, *inter alia,* by operation of law, the adjacent portion of Scott Road.

3 p.m. Cuba Township highway commissioner convenes the scheduled public hearing to consider the homeowners' petition to vacate Scott Road. An attorney appearing on behalf of North Barrington provides the commissioner with a certified copy of ordinance No. 419 and a letter suggesting that because Scott Road is now within the municipal limits of North Barrington, Cuba Township no longer has jurisdiction to consider the pending petition to vacate. The commissioner continues the hearing to July 20, 1987.

July 20, 1987. The commissioner reconvenes the hearing on the homeowners' petition to vacate Scott Road. Township counsel advises it must presume that North Barrington annexation ordinance No. 419 is valid. The commissioner declines to act further on the homeowners' petition for vacation, "leaving the question open for any further action which may become necessary."

August 5, 1987. Homeowners' request the Lake County State's Attorney bring a *quo warranto* proceeding to challenge North Barrington's ordinances No. 418 (the annexation agreement) and 419 (the annexation ordinance).

August 21, 1987. Lake County State's Attorney declines to institute *quo warranto* proceedings.

September 3, 1987. Illinois Attorney General also declines to institute *quo warranto* proceedings.

January 7, 1988. Homeowners file an application for leave to file a complaint in *quo warranto*. (Trial court No. 88—MR—7.)

March 8, 1988. Village responds to the homeowners' application for leave to file a complaint in *quo warranto*, asserting the propriety of its consideration of the annexation agreement, its priority over the petition to vacate Scott Road, and the validity of its annexation of the subject property.

March 30, 1988. Homeowners file an amended application for leave to file a complaint in *quo warranto* and a complaint in *quo warranto*. It is alleged for the first time that Palatine National Bank as trustee under trust No. 5168 was not the "owner of record" on July 3, 1987, the date the annexation petition was filed, inasmuch as the deed for the subject property was not recorded with the Lake County recorder of deeds until July 10, 1987.

April 1, 1988. Suburban National Bank as trustee under trust No. 5168 (successor trustee to Palatine National Bank) files a petition for annexation with the Village of North Barrington which notes the attacks on the validity of annexation ordinance No. 419 and seeks reannexation of the Grassmere Farm property.

April 6, 1988. Homeowners file a petition for writ of *mandamus* to compel the highway commissioner to complete proceedings on their petition for the vacation of Scott Road. The petition notes homeowners argued at the Cuba Township July 13 hearing that it, not North Barrington, had jurisdiction concerning Scott Road inasmuch as their petition to vacate Scott Road was filed before the petition for annexation to North Barrington was filed. The petition for *mandamus* appends thereto Suburban National Bank's April 1 petition seeking reannexation of the subject property to North Barrington and notes that a hearing on this reannexation petition is scheduled for April 11.

April 11, 1988. The Village of North Barrington adopts ordi-

nance No. 451 reannexing the Grassmere Farm property.

April 25, 1988. The Lake County State's Attorney petitions to intervene in the *quo warranto* action initiated by the homeowners in light of the homeowners' recent allegation that Palatine National Bank as trustee under trust No. 5168 was not the "owner of record" of the subject property on July 3, 1987, the date it filed its petition for annexation.

May 2, 1988. State's Attorney's petition to intervene is granted, and the parties are realigned.

May 4, 1988. The Lake County State's Attorney files a complaint for writ of *quo warranto* noting both the first and second annexations of the subject property but challenging the validity of only the first annexation (ordinance No. 419) in count I of the complaint. The complaint alleges the first annexation is invalid because the petition filed July 3 was not signed by the "owner of record," the deed to the subject property not having been recorded until July 10, and because North Barrington did not have jurisdiction to consider the petition in view of the pending petition for the vacation of Scott Road filed with Cuba Township. Count II seeks a declaration of rights of the interested parties as to the relative priority of the petition to vacate Scott Road *vis-a-vis* North Barrington ordinances Nos. 418, 419 and 451.

May 19, 1988. The developer is granted leave to intervene in the *quo warranto* action.

May 23, 1988. The homeowners' petition to intervene in the *quo warranto* action in order to challenge the annexation agreement relative to the subject property (North Barrington ordinance No. 418) is denied. Motion to consolidate the *quo warranto* (88—MR—7) and *mandamus* (88—MR—160) actions and a third action not involved in this appeal (88—CH—216) is granted.

July 11, 1988. The developer files a motion for summary judgment against the county's complaint in *quo warranto* arguing that compliance with section 7—1—8 of the Municipal Code (Ill. Rev. Stat. 1987, ch. 24, par. 7—1—8) is determined by the facts existing as of the date of the annexation ordinance and it is undisputed that Palatine National Bank as trustee under trust No. 5168 and developer were the legal and beneficial owners of record on July 13, 1987, the date the annexation ordinance was adopted. Further, there is no basis in the law for the county's claim that annexation ordinance No.

419 is invalid because the homeowners' petition to vacate Scott Road had priority over the developer's subsequently filed petition for annexation. The motion requested summary judgment and dismissal as to counts I and II of the complaint.

July 19, 1988. The Village of North Barrington files a motion for summary judgment also, expressly adopting the grounds set forth in the developer's motion for summary judgment and setting forth the additional ground that the reannexation of the subject property on April 11 pursuant to petition filed on April 1, 1988, by the owner of record renders moot "the issues of this case and the controversy surrounding annexation ordinance 419." The Village requests summary judgment and dismissal as to counts I and II of the county's complaint.

August 3, 1988. The county files a cross-motion for summary judgment arguing the first annexation was a nullity from its inception because the petition for annexation was filed seven days before the developer recorded the deed and developer thereafter did not file an amended petition for annexation.

September 12, 1988. The court hears arguments of counsel on the three motions for summary judgment and takes the matter under advisement.

September 29, 1988. The court grants the motion for summary judgment filed by the developer. It finds valid the Village's July 13, 1987, annexation of the subject property pursuant to the valid petition for annexation before it signed by the owners of record and, in light of that validity, finds moot "the question concerning the petition to vacate Scott Road."

October 26, 1988. The county files its notice of appeal from the court's September 19 judgment.

November 9, 1988. Developer files a petition to intervene in the homeowners' *mandamus* action and moves to dismiss same based on the court's summary judgment in *quo warranto* finding the question of the Scott Road vacation petition to be moot.

November 14, 1988. The Village of North Barrington files a request for a separate ruling on the additional ground asserted in its motion for summary judgment; that is, that the reannexation of the subject property on April 11, 1988, renders moot the issues relating to the validity of the first annexation on July 3, 1987.

The court enters its order denying the Village's motion for

summary judgment.

The court allows the developer to intervene in the *mandamus* action and schedules a date for hearing on the developer's motion to dismiss the *mandamus* action.

November 21, 1988. Homeowners file their opposition to the developer's motion to dismiss their petition for writ of *mandamus* asserting the finding of the validity of the first annexation is being appealed and, as such, is not a final determination which would render the cause moot, and, further, the *mandamus* action was filed on April 6, which was prior to the date of the reannexation on April 11.

December 12, 1988. The court grants developer's motion to dismiss the *mandamus* action finding the action moot in view of its finding of validity of the first annexation and the mootness of the question regarding the petition to vacate Scott Road. The court further finds no basis in the law for the claim that the filing of a petition for the vacation of a township road is entitled to priority over a subsequently filed annexation petition.

December 14, 1988. The Village of North Barrington files its notice of appeal from the court's order denying its motion for summary judgment in the *quo warranto* action.

January 11, 1989. Homeowners file their notice of appeal from the court's order dismissing their *mandamus* action.

January 24, 1989. This court consolidates the county's, the Village's, and the homeowners' appeals.

◼ The first question we must determine is whether we have jurisdiction of the Village's appeal. The duty of the appellate court to consider its own jurisdiction and to dismiss an appeal if it determines jurisdiction is lacking is well established. (*In re Marriage of Merrick* (1989), 183 Ill. App. 3d 843.) The Village correctly notes that the denial of a motion for summary judgment ordinarily is not immediately appealable since it is not a final or appealable order. (*In re Marriage of Adams* (1988), 174 Ill. App. 3d 595, 606.) The Village contends, however, that this court has jurisdiction to consider its appeal under the authority of *Reagan v. Baird* (1985), 140 Ill. App. 3d 58. We find *Reagan* does not support such jurisdiction.

*Reagan* involved a contention that the court's order granting the plaintiff a voluntary nonsuit without prejudice as to two of three defendants was not a final order in the absence of the finding pursuant to Supreme Court Rule 304(a) since the order entered "without prejudice" as to those two parties "did not adjudicate the rights and

liabilities of all the parties or dispose of the entire litigation." That contention was rejected, however, because a voluntary nonsuit constitutes a termination of the action with respect to the parties nonsuited even where the action is dismissed without prejudice.

■ The Village's suggestion that the court's summary judgment order here did not adjudicate all the rights and liabilities of the parties is not well taken. The trial court heard argument from all the parties, including the Village's mootness argument. Inasmuch as the trial court did not postpone entry of its summary judgment or stay enforcement thereof as it may do under Supreme Court Rule 192 when there are multiple issues (107 Ill. 2d R. 192), it may be presumed the court intended its order to be a resolution of all the issues presented including, impliedly, a denial of the Village's request for dismissal of the *quo warranto* complaint on the ground of mootness. Moreover, the Village's motion for a separate ruling was filed well beyond 30 days after entry of the court's summary judgment and after the county had filed its notice of appeal. As such, the trial court's denial of the Village's "Motion for Summary Judgment" more likely was simply a denial of its "Motion for Separate Ruling" in consequence of the trial court's lost jurisdiction. Additionally, the Village's argument actually concedes that as a result of the court's summary judgment in the developer's favor, "the litigation was effectively ended, subject to an appeal."

We conclude the Village's appeal is untimely and it is dismissed.

The next issue we determine is whether the county's and the homeowners' appeals are moot and should be dismissed due to the Village's unchallenged reannexation of the subject property.

Despite the fact the Village's appeal was untimely and must be dismissed, it nevertheless is uncontroverted that North Barrington reannexed the subject property on April 11, 1988. This annexation was pursuant to a petition filed April 1, 1988, which was signed by the record owner, Suburban National Bank as trustee under trust No. 5168 (successor trustee to Palatine National Bank) and attested to by Daniel Light, beneficial owner of trust No. 5168. It is also uncontroverted that the reannexation has not been challenged in a *quo warranto* action, which is the proper means of challenging a completed noncourt-controlled annexation such as the instant reannexation (*In re Petition of Village of Kildeer to Annex Certain Territory* (1988), 124 Ill. 2d 533, 543; *Edgewood Park No. 2 Homeowners Association v. Countryside Sanitary District* (1969), 42 Ill. 2d 241, 245; *People ex rel. Foreman v. Village of Round Lake Park* (1988), 171 Ill. App. 3d 443, 455). Section 7—1—46 of the Municipal Code bars

any direct or indirect challenges to completed annexations which are not instituted within one year after the date the annexation becomes final *even* when the annexing judge, body or officer did not have jurisdiction of the subject matter and *irrespective* of whether such annexation may otherwise be defective or void. (Ill. Rev. Stat. 1987, ch. 24, par. 7—1—46; *Kildeer*, 124 Ill. 2d at 544.) Thus, irrespective of the validity of the first annexation of the subject property, more than one year has passed since the second annexation, and no challenge has been raised to it.

■■ The general rule is that when a reviewing court has notice of facts which show that only moot questions or mere abstract propositions are involved or when the substantial questions involved in the trial court no longer exist, it will dismiss the appeal. (*People ex rel. Cairo Turf Club, Inc. v. Taylor* (1954), 2 Ill. 2d 160, 164.) "An issue is moot if no actual controversy exists or where events occur which make it impossible for the court to grant effectual relief." (*Wheatley v. Board of Education* (1984), 99 Ill. 2d 481, 484-85; *Moon Lake Convalescent Center v. Margolis* (1989), 180 Ill. App. 3d 245, 257-58; *Schnepper v. American Information Technologies, Inc.* (1985), 136 Ill. App. 3d 678, 680.) In such cases, the court will not proceed to a final judgment, but will dismiss the case. *Barnard v. Michael* (1945), 392 Ill. 130, 134.

■■ ■ There are two recognized exceptions to the mootness doctrine: (1) where there is a substantial public interest involved or (2) where the issues are likely to recur but do not remain viable long enough to permit review. (*Wheatley*, 99 Ill. 2d at 485, *Moon Lake*, 180 Ill. App. 3d at 258.) In determining whether the public-interest exception will be applied to retain such a moot issue for review three criteria are to be considered: (1) the public nature of the question; (2) the need for an authoritative determination to guide public officers; and (3) the likelihood the question will recur. (*City of Chicago v. Gordon* (1986), 146 Ill. App. 3d 898, 901.) A clear showing that all three criteria exist is needed before the case will be brought within the public-interest exception. *Kohan v. Rimland School for Autistic Children* (1981), 102 Ill. App. 3d 524, 527.

■■ The instant cause does not fall within either of the exceptions. The county's argument that the issue of the validity of the instant annexation is one which recurs yet evades review is belied by reference to such cases reviewed on the merits in recent years in this district alone. (See, *e.g., People ex rel. Village of Buffalo Grove v. Village of Long Grove* (1988), 173 Ill. App. 3d 946, *appeal denied* (1988), 122 Ill. 2d 593; *People ex rel. First National Bank v. City of*

*North Chicago* (1987), 158 Ill. App. 3d 85, *appeal denied* (1987), 116 Ill. 2d 574.) An action contesting an annexation may be initiated for up to one year after the annexation becomes final. (Ill. Rev. Stat. 1987, ch. 24, par. 7—1—46.) Although the county had notice of the second annexation at the time it filed its timely complaint in *quo warranto* challenging the first annexation, it did not also challenge the validity of annexation ordinance No. 451, the second annexation, nor did the homeowners request that the county or the Attorney General institute *quo warranto* proceedings to challenge the reannexation on the ground of priority. Its request in count II of its complaint for a declaratory judgment "regarding the priority of proceedings pursuant to the Petition for Vacation and *** North Barrington ordinances 418, 419 and 451" was not a proper challenge to the validity of the second completed annexation. *Edgewood Park*, 42 Ill. 2d 241; *Malecki v. First State Bank* (1973), 13 Ill. App. 3d 979; *Hinckley-Big Rock School District No. 429 v. Village of Sugar Grove* (1982), 105 Ill. App. 3d 959.

As to the public-interest exception, the questions presented are public in nature inasmuch as they involve the construction and application of statutes governing annexation and the vacation of highways. However, the questions presented by these unique circumstances are unlikely to recur "with such frequency as to make imperative the need for a positive rule for the future guidance of public officials." (See *Cairo Turf Club*, 2 Ill. 2d at 164.) Although requests for annexation to a municipality of territory contiguous with that municipality are not unusual, it is unique when the interests of the owner of the territory seeking such annexation collide directly with the interests of owners of adjacent property primarily by reason of operation of law; that is, by virtue of section 7—1—1 of the Municipal Code requiring that the municipality's new boundary after such annexation "shall extend to the far side of any adjacent highway." (Ill. Rev. Stat. 1987, ch. 24, par. 7—1—1.) It is also quite likely a circumstance unique to this cause that the township road at issue had never been developed to its full 40-foot width and was utilized almost exclusively as a private road by the residents thereon. As such, the likelihood of the recurrence of the question of the priority of a petition to vacate a township road over a petition for annexation is remote.

We conclude the instant appeals are moot, and they are dismissed. In light of our conclusion, it is unnecessary to decide the remaining issues presented by the parties.

In summary:

No. 2—88—1055, Lake County's appeal from summary judgment on its complaint in *quo warranto* in favor of the Village of North Barrington and the developer is dismissed as moot.

No. 2—89—0003, The Village's separate appeal from the court's summary judgment in *quo warranto* is dismissed as untimely.

No. 2—89—0050, The homeowners' appeal from the dismissal of their petition for writ of *mandamus* is dismissed as moot.

Appeals dismissed.

REINHARD and McLAREN, JJ., concur.